WILLIAM A. MALLY et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 42621.) 
 Memorandum: Claimants appeal from a judgment awarding them $2,820 plus interest as damages for appropriation of land for highway purposes upon the ground that the award is inadequate. Claimants' property consisted of 87 acres of land on both sides of a State highway in the Town of Aurora, Erie County. The parcel on the north side had a frontage of 1,532 feet with a depth, sloping to a creek in the rear, varying from 408 feet on the east to 629 feet on the west. The parcel on the south had a frontage of over 1,267 feet with a depth varying from 1,792 feet on the east to 2,521 feet on the west. There were a dwelling, large barn, garage and chicken house on the land south of the highway and no buildings on the land north of the highway. The highest and best use of this acreage was for potential residential development. In 1961 the State appropriated a strip varying in width between 17 feet and 36 feet, containing .868 acres, on the north side of the highway and a strip varying between 17 feet and 0 feet in width, containing .453 acres, on the south side for the purpose of widening the highway and changing the grade and curves thereof. The taking removed 200 square feet of lawn, 1,300 lineal feet of wire fence and a part of a stone driveway and left claimants' house 3 feet closer to the reconstructed highway, the grade of which varied from 2 feet to 4 feet higher in some places and lower in others than the original grade. Claimants' expert placed a value of $17,000 on the land taken and $2,800 consequential damages, or a total damage of $19,800. The State's expert placed a value of $449 on the land taken, $300 on improvements and nothing for consequential damages. The court awarded $1,320 for the land on an acreage basis and $1,500 in severance damage "mostly because the claimants' residence is affected by being closer to the highway". The court refused to find that the State had raised the grade of the highway on which claimants' property fronted from 2 feet to 4 feet. We conclude that this was error since there was sufficient evidence in the record to sustain such finding. Neither expert applied the correct rule of valuation under the existing conditions. Claimants' expert valued the useable property on both sides of the highway on a pure frontage basis as though it had been subdivided and was readily marketable as such. The State's expert, on the other hand, valued the property as farm land, providing a home site area with a 200 foot front and a depth of 400 feet. In *Hewitt* v. *State of New York* (18 A D 2d 1128) we said: "The correct rule to be applied under the existing conditions was to treat the premises not as raw acreage nor as part of a completed development but as a potential subdivision site giving the acreage an increment in value because of that potential use." (See, also, *Barmann* v. *State of New York*, 28 A D 2d 938.) Since the theory of valuation advanced by both experts was erroneous, there is no basis in the record upon which an award can be made by this court. (Appeal from judgment of Court of Claims in action for damage for permanent appropriation.) Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.

 FRANCES HALL, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 44154.) All concur, except Williams, P. J., who dissents and votes to reverse the judgment and dismiss the claim, upon the ground that the negligence of the driver, Franklin B. Hall, Jr., was the sole proximate cause of the accident. (Appeal from judgment of Court of Claims in favor of claimant in a negligence action.) Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.